# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 02-4615

ERIC SEDELL TAYLOR,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-398, CR-01-399)

Submitted: January 30, 2003

Decided: February 6, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Eric Taylor appeals the sentence imposed by the district court following his guilty plea to multiple counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Taylor's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Taylor's behalf that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Taylor has filed a pro se supplemental brief in which he challenges the district court's sentencing guidelines calculation. Taylor also argues that his sentence violates *Apprendi*. Finding no error, we affirm.

Taylor first objects to a three-level increase in his offense level, pursuant to *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(E) (2000), for brandishing a firearm. Taylor contends the enhancement violates *Apprendi* because brandishing was not alleged in the indictment. This argument is without merit. Taylor's sentence was well within the statutory twenty-year maximum, and is unaffected by *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Taylor next objects to the district court's consideration of dismissed conduct in determining his sentencing range. This court has repeatedly upheld such consideration of dismissed conduct. *See*, *e.g.*, *United States v. Barber*, 119 F.3d 276, 284 (4th Cir. 1997). Accordingly, we find the enhancement was proper.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm Taylor's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may

move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*